# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3206

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Richard Lawrence Auginash, | * |
| | * |
| Defendant - Appellant. | * |

_____

Submitted: May 15, 2001

Filed: October 2, 2001

_____

Before LOKEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Richard Lawrence Auginash appeals his conviction and sentence for first degree felony murder, the underlying felony being arson, and second degree intentional murder. The jury verdicts were based upon the death of Donald Sayers, whose body was found in the trunk of a burned-out car. The district court[1] sentenced Auginash to life in prison. Auginash raises two issues on appeal: first, that the definition of arson under 18 U.S.C. § 81 (1994 & Supp. V 1999) does not include the

_____

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

burning of a motor vehicle; second, that the district court erred in not departing downward from the statutory minimum sentence of life imprisonment for first degree murder. We affirm.

## I.

At approximately 3:00 a.m. on June 13, 1999, the Red Lake Indian Reservation Police Department received a report of domestic violence from Ruth Auginash, Richard Auginash's aunt, stating that she had been assaulted by her boyfriend Donald Sayers. Two officers went to Ruth's home but found it empty. While there, they were approached by Richard, who appeared angry and smelled of alcohol. Richard told the officers that Ruth was at her mother's. The officers then went to the home of Ruth's mother, Lucille Auginash, and found Ruth there. Ruth told the officers that she had taken her children to her mother's after Sayers had assaulted her following a day of drinking. While one of the officers was speaking to Ruth, Richard appeared again, still upset and saying he was going to beat up Sayers.

At approximately 4:30 a.m., one of the officers drove past Ruth's home and saw Sayers's automobile on fire. After the fire was extinguished, Sayers's body was found in the trunk of the car. The medical examiner concluded that the cause of death was smoke inhalation and carbon monoxide poisoning due to an automobile fire. At trial Richard admitted he started the fire.

## II.

Under 18 U.S.C. § 1153(a) (1994), "[a]ny Indian who commits . . . murder . . . within the Indian country,[2] shall be subject to the same law and penalties as all other

---

[2] 18 U.S.C. § 1151 (1994) defines the "Indian country" as including "all land within the limits of any Indian reservation."

persons . . . within the exclusive jurisdiction of the United States." Murder in the first degree is defined to include "the unlawful killing of a human being with malice aforethought . . . committed in the perpetration of, or attempt to perpetrate, any arson." 18 U.S.C. § 1111(a) (1994). In turn, 18 U.S.C. § 81 defines arson to include the willful and malicious burning of "any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids or appliances for navigation or shipping." Auginash argues that his conviction for felony murder cannot stand because the term machinery does not include a motor vehicle under this statute. We review the district court's interpretation and application of a statute de novo. Stevenson v. Stevenson Assoc., 777 F.2d 415, 418 (8th Cir. 1985).

Auginash relies on United States v. Banks, 368 F. Supp. 1245 (D.S.D. 1973), which accepted arguments essentially identical to those articulated by him here. He argues that this court should give more weight to this decision of a district court within our circuit than to a decision from another circuit court. The government argues that the case is governed by a decision of the Tenth Circuit in United States v. Bedonie, 913 F.2d 782 (10th Cir. 1990).

In Banks, the District Court for the District of South Dakota held that arson under § 81 did not include the burning of a motor vehicle because to include automobiles within the meaning of "machinery" under the statute would "raise grave constitutional questions as to [] vagueness," and ignore the "longstanding principle of statutory construction of ejusdem generis." 368 F. Supp. at 1248 ("For 'motor vehicle' to be included within 18 U.S.C. Sec. 81, it would have to be classified as machinery."). The vagueness doctrine requires a criminal statute to "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." United States v. Harriss, 347 U.S. 612, 617 (1954). See generally 21 Am. Jur. 2d Criminal Law § 15 (1998) (citing Harriss). "The doctrine of ejusdem generis provides that 'when there are general words following particular and specific words,

the former must be confined to things of the same kind.'" United States v. Freeman, 473 F.2d 7, 9 (8th Cir. 1973) (quoting Sutherland, Statutory Construction 814 (2d ed. 1904)).

In Bedonie, decided after Banks, the Tenth Circuit held that § 81 did include the burning of a motor vehicle based upon "the plain and ordinary language of § 81." Bedonie, 913 F.2d at 789 (recognizing that "[i]n general, penal statutes must be strictly construed," but pointing out that "the words of statutes . . . should be interpreted where possible in their ordinary, everyday sense") (citations omitted). The Tenth Circuit pointed out that "Webster defines 'machinery' as '[m]achines or machine parts in general' and defines 'machine' to include . . . 'a motor vehicle.'" Id. at 789 (citing Webster's New Riverside University Dictionary 712 (1984)). Finally, the Tenth Circuit addressed Banks directly and concluded that the many terms surrounding "machinery" do not "restrict the meaning of 'machinery' so as to exclude a motor vehicle from its definition," and that "the statute's terms provide sufficient notice under Harriss." Bedonie, 913 F.2d at 790.

Auginash seemingly argues that Banks, a decision of a district court adjoining the district from which this case arises, announces the law of this circuit. This would give the weight to Banks that we accord a decision of a panel of this court. Our precedent is to the contrary. We have recognized that even within a district "a considerable degree of flexibility exists in the application of the doctrine of stare decisis to prior decisions of [that] court." Johns v. Redeker, 406 F.2d 878, 882 (8th Cir. 1969). As for the decisions of other circuits, we have said:

> Although we are not bound by another circuit's decision, we adhere to the policy that a sister circuit's reasoned decision deserves great weight and precedential value. As an appellate court, we strive to maintain uniformity in the law among the circuits, wherever reasoned analysis will allow, thus avoiding unnecessary burdens on the Supreme Court docket.

Aldens, Inc. v. Miller, 610 F.2d 538, 541 (8th Cir. 1979).

Certainly we may accord precedential weight to the opinion of a district court, either within this circuit or from another circuit, and indeed sometimes do so. We are not persuaded that we should accept the reasoning of Banks, however. We are convinced that Bedonie is the better reasoned opinion, and as such deserves to be accorded the weight given such opinions of other circuits as we have articulated above.

While penal laws are to be construed strictly, "they should not be construed so strictly as to defeat the obvious intention of the legislature." United States v. Warren, 149 F.3d 825, 828 (8th Cir. 1998). At the time of § 81's promulgation in 1948, the contemporaneous edition of Webster's included "automobile" in its definition of "machine," Webster's New International Dictionary 1474 (2d ed. 1948). We thus conclude that the ordinary meaning of § 81 includes the burning of an automobile, "and we assume 'that the legislative purpose is expressed by the ordinary meaning of the words used.'" Am. Tobacco Co. v. Patterson, 456 U.S. 63, 68 (1981) (quoting Richards v. United States, 369 U.S. 1, 9 (1962)). The inclusion of automobiles in the ordinary meaning of "machinery" also supports the conclusion that § 81 gives sufficient notice that the burning of an automobile is encompassed within its terms to satisfy constitutional vagueness concerns. See St. Croix Waterway Ass'n. v. Meyer, 178 F.3d 515, 520 (8th Cir. 1999) ("The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.") (quoting Sproles v. Binford, 286 U.S. 374, 393 (1932)).

We conclude that the burning of an automobile constitutes arson under § 81. Our holding on this issue is consistent with our earlier dicta in United States v. Cain, 616 F.2d 1056, 1057 n.1 (8th Cir. 1980) (describing § 81 as applying to the burning of "any building or structure or other types of property") (emphasis added).

Auginash argues that the district court erred in stating that it had no discretion to depart from the statutory minimum sentence of life imprisonment under § 1111(a). "The district court's interpretation of the Sentencing Guidelines is a question of law subject to de novo review, while its factual determinations are subject to review only for clear error." United States v. Larson, 110 F.3d 620, 627 (8th Cir. 1997). We have held that "[t]he only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. §§ 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision." United States v. Villar 184 F.3d 801, 803 (8th Cir. 1999). Neither of those conditions exists in this case and thus the district court did not err.[3]

IV.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3] For the safety valve provision to apply, the offense cannot have resulted in death. 18 U.S.C. § 3553(f) (1994 & Supp. V 1999).