# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3398

_____

United States of America,

      Appellee,

v.

Jesse G. DeLeon,

      Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*
\*

_____

Submitted: April 17, 2003

Filed: June 5, 2003 (Corrected July 16, 2003)

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Jesse DeLeon was convicted of possession with intent to distribute the drug ecstasy (MDMA) and sentenced to fifty-one months in prison pursuant to the enhancements ordered by Congress in the Ecstasy Anti-Proliferation Act of 2000 (passed as subtitle c, §§ 3661-3665 of the Children's Health Act of 2000, Pub. L. No. 106-310, 114 Stat. 1101, 1241 (2000)) (hereinafter "Ecstasy Act"). On appeal, he urges that the enhancements promulgated by the United States Sentencing Commission ("Sentencing Commission") in response to the Ecstasy Act were not enacted in conformity with the Administrative Procedure Act (APA) and that the retroactive application of the enhancements to his case violates the Due Process and

Ex Post Facto Clauses of the United States Constitution. We hold that the enhancements were not yet in effect when DeLeon committed his crime and therefore should not have been applied to him. Accordingly, we reverse and remand for resentencing.

DeLeon and an accomplice traveled to Las Vegas to purchase ecstasy that they planned to sell upon their return to Illinois. On May 11, 2001, however, they were stopped for speeding on their way home and officers discovered some 960 tablets of ecstasy with a total weight of 243.4 grams. Important to DeLeon's case is the fact that on October 17, 2000, Congress passed the Ecstasy Anti-Proliferation Act of 2000, which called upon the United States Sentencing Commission to enact "increased penalties such that those penalties reflect the seriousness of" trafficking in ecstasy. Ecstasy Act § 3663(b)(1). Congress noted its sense that "the base offense levels for Ecstasy are too low, particularly for high-level traffickers, and should be increased, such that they are comparable to penalties for other drugs of abuse." Id. § 3663(d)(1). Therefore, Congress, in a provision entitled "Emergency Authority to United States Sentencing Commission," commanded that:

> [t]he United States Sentencing Commission shall promulgate amendments under this subtitle as soon as practicable after the date of the enactment of this Act in accordance with the procedure set forth in section 21(a) of the Sentencing Act of 1987 (Public Law 100-182), as though the authority under that Act had not expired.

Id. § 3664.

Charged with these instructions, the Sentencing Commission published a notice of proposed increased penalties for ecstasy distribution that would "increase the marijuana equivalencies" for ecstasy to that of "other drugs of abuse," though no effective date was specified. Proposed Amendments to the Sentencing Guidelines, 66 Fed. Reg. 7961, 7963 (Jan. 26, 2001). The proposed increase in the marijuana

equivalency of one gram of ecstacy was from thirty-five grams of marijuana to one kilogram of marijuana. Id. The Commission then held a public hearing on March 19, 2001. On April 20, 2001, the Chair of the Commission sent a letter along with a Supplement to the Guidelines Manual "[t]o recipients of the Guidelines Manual." Letter of April 20, 2001. The letter noted that certain amendments, including those at issue here, would take effect on May 1, 2001. Finally, on June 6, 2001, the amendments were published in the Federal Register with an effective date of May 1, 2001. Notice of Promulgation of Temporary Emergency Amendments, 66 Fed. Reg. 30512 (June 6, 2001). In their final form, the amendments increased the marijuana equivalency of one gram of ecstasy from thirty-five grams of marijuana to five hundred grams of marijuana. Id. at 30513. This was one-half of the proposed increase announced in January.

In the District Court, DeLeon objected to the application of the amended sentencing guidelines to his case, but his objection was overruled. The application of the amended guidelines increased his sentencing range from 10-16 months to 51-63 months.[1] As we have said, DeLeon received a fifty-one month sentence.

On appeal, a district court's interpretation of the sentencing guidelines is subject to de novo review while its findings of fact are reviewed for clear error. United States v. Auginash, 266 F.3d 781, 785 (8th Cir. 2001). It is a "cardinal principle" that courts shall construe statutes to avoid constitutional difficulties. Lorillard v. Pons, 434 U.S. 575, 577 (1978). Accordingly, we will not address

---

[1]DeLeon's criminal history put him in category II. Under the 1:35 conversion, DeLeon was responsible for 8.5 kilograms of marijuana, which corresponds to a base-offense level of 14, minus a three-level acceptance-of-responsibility departure, for a total offense level of 11. Under the 1:500 conversion, DeLeon was responsible for 121.7 kilograms of marijuana, which corresponds to a base-offense level of 26, minus the three-level acceptance-of-responsibility departure, for a total offense level of 23.

DeLeon's Ex Post Facto and Due Process claims for we conclude that the ecstacy amendments were not yet in effect when he was arrested.

The sentencing guidelines are established by the Sentencing Commission, an administrative agency, and therefore the promulgation of the guidelines must conform with the APA's provisions regarding substantive rulemaking. See 28 U.S.C. § 994(x) (2000). The APA's rulemaking provisions require three steps to enact substantive rules: notice of the proposed rule, a hearing or receipt and consideration of public comments, and the publication of the new rule. 5 U.S.C. § 553 (2000). There is no doubt that the Sentencing Commission complied with the first two steps in this case. Nor is there any doubt that the amendments were finally published. The crux of our inquiry concerns the third step and the precise date when the amendments became effective. Although in the June 6 publication the Commission listed an effective date of May 1, we conclude that the earliest possible effective date for the enhancements was June 6 for two reasons.

First, ordinarily § 553(d) of the APA requires that publication of a substantive rule be made at least thirty days prior to its effective date. In certain circumstances, the APA does permit rules to take effect immediately upon publication. Section 553(d)(3) provides a "good cause" exception to the thirty-day requirement and we assume, without deciding, that Congress's admonition that the amendments be enacted "as soon as practicable" falls within § 553(d)(3)'s requirements. See United States v. Gavrilovic, 551 F.2d 1099, 1106 (8th Cir. 1977). Even under the "good cause" exception, the earliest date that the ecstasy amendments could have taken effect is June 6, 2001, the date of their publication in the Federal Register. Nor can we conclude that the Sentencing Commission's letter of April 20, 2001, satisfies the APA's requirement that new, substantive regulations be published in the Federal Register. See 5 U.S.C. § 553(d). Similarly, we cannot conclude that the April 20 letter, along with copies of the new and amended rules, fulfills the only APA alternative to Federal Register publication, "personal[] serv[ice] or . . . actual notice

-4-

thereof in accordance with the law." Id. at § 553(b). In the case of a criminal sentencing provision, it is only publication in the Federal Register, and not the mailing of the amendments to the usual recipients of the Sentencing Manual, that creates a rebuttable presumption that sufficient notice has been given to "person[s] subject to or affected by [the sentencing provision]." 44 U.S.C. § 1507. In sum, the amended ecstasy guidelines could not have taken effect on May 1 and, under the APA's rulemaking procedures, the earliest date that the amendments could have taken effect is June 6, the day they were published in the Federal Register.

As our second inquiry, we must consider whether the amendments were retroactive to May 1. The Supreme Court has established stringent limitations on the ability of agencies to establish retroactive regulations. In short, agencies cannot adopt such regulations "unless that power is conveyed by Congress in express terms." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988). We find no "express terms" authorizing retroactive enactment of sentencing guidelines within the framework of the Commission's statutory authority. For its part, the government urges that the "emergency" nature of the Ecstasy Act, in combination with an expired 1987 law, empowered the Commission to enact the ecstasy amendments with the May 1 effective date. We disagree.

The government points to section 3664 of the Ecstasy Act, entitled "Emergency Authority to United States Sentencing Commission," which authorizes the Sentencing Commission to enact the called-for amendments "in accordance with the procedure set forth in section 21(a) of the Sentencing Act of 1987 (Public Law 100-182), as though the authority under that Act had not expired." Section 21(a) of the Sentencing Act of 1987, entitled, "Emergency Guidelines Promulgation Authority," provides that:

    (a) In General. –In the case of–
        (1) an invalidated sentencing guideline;

(2) the creation of a new offense or amendment of an existing offense; or

(3) any other reason relating to the application of a previously established sentencing guideline, and determined by the United States Sentencing Commission to be urgent and compelling;

the Commission, by affirmative vote of at least four members of the Commission, and pursuant to its rules and regulations and consistent with all pertinent provisions of title 28 and title 18, United States Code, shall promulgate and distribute to all courts of the United States and to the United States Probation System a temporary guideline or amendment to an existing guideline, to remain in effect until and during the pendency of the next report to Congress under section 994(p) of title 28, United States Code.

(b) Expiration of Authority. –The authority of the Commission under paragraphs (1) and (2) of subsection (a) shall expire on November 1, 1989. The authority of the Commission to promulgate and distribute guidelines under paragraph (3) of subsection (a) shall expire on May 1, 1988.

Sentencing Act of 1987, Pub. L. No. 100-182, § 21, 101 Stat. 1266 (1987). Based on the interplay of section 21(a)(3) of the 1987 Act and section 3664 of the Ecstacy Act, the government argues that the Commission had the power to issue the amended guidelines without complying with the APA and to give the amendments retroactive effect. We disagree.

The true effect of the 1987 Act is merely to imbue the Commission with the power to enact temporary rules that take effect immediately without prior Congressional review. Thus, section 21 provides that, under the three enumerated circumstances, the Commission "shall promulgate and distribute . . . a temporary guideline or amendment to an existing guideline, <u>to remain in effect until and during the pendency of the next report to Congress</u> under section 994(p) of title 28." Sentencing Act of 1987, § 21 (emphasis added). Ordinarily, the Commission must submit proposed guidelines or amended guidelines to Congress by May 1. 28 U.S.C.

§ 994(p). Under normal circumstances, the proposed guidelines or amended guidelines will take effect on November 1, unless modified or disapproved by Congress. Id. Section 21 simply provides a vehicle to forego Congressional review and enact temporary guidelines or make temporary amendments under the three "emergency" circumstances enumerated in section 21(a)(1)-(3). More importantly, section 21 temporarily and specifically exempts the Commission only from the normal Congressional-review process. Section 21(a)(3) still requires that the Commission act "pursuant to its own rules and regulations and consistent with all pertinent provisions of title 28 and title 18," which require that the Commission conform to the APA's rulemaking procedure. Neither the 1987 Act, nor the Ecstasy Act in tandem with the 1987 Act convey the authority to enact guidelines or to make amendments to the guidelines outside the APA-mandated procedures and to give these enactments retroactive effect.

Because we conclude that the earliest possible effective date for the Ecstasy Act enhancements was June 6, 2001, the District Court erred when it sentenced DeLeon under the new scheme. Accordingly, we reverse and remand the case for resentencing under the old, pre-Ecstasy Act scheme.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-