# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1035

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Pedro C. Baldovinos, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: October 18, 2004
Filed:  October 29, 2004

_____

Before COLLOTON, LAY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pedro Baldovinos pled guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1)[1] and 846.[2]  He absconded while free on bond

_____

[1]"Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841(a)(1).

[2]"Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  21

awaiting sentencing. A warrant was issued for his arrest and authorities ultimately arrested him some eleven months later at his Missouri home. The district court[3] sentenced Baldovinos to 140 months after imposing a sentencing enhancement for obstruction of justice, and declining to grant a sentencing reduction for acceptance of responsibility. He now appeals his sentence. We find no clear error. We affirm.

On appeal, the sentencing court's interpretation of the Sentencing Guidelines is a question of law subject to de novo review, while its factual determinations are subject to review for clear error. United States v. Auginash, 266 F.3d 781, 785 (8th Cir. 2001). The sentencing judge's determination that Baldovinos accepted responsibility is a finding of fact reviewed only for clear error. United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000). Because the sentencing court is in a unique position to evaluate the defendant's acceptance of responsibility, its determination of acceptance "is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5 (2003).[4]

The Sentencing Guidelines require the sentencing judge to impose an enhancement of two levels where the defendant has obstructed or impeded justice. See U.S.S.G. § 3C1.1. Likewise, the Sentencing Guidelines require the sentencing judge to reduce the offense level by three levels in circumstances where the defendant clearly accepts responsibility for his crimes and enters a timely guilty plea that

---

U.S.C. § 846.

[3]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

[4]"Commentary in the guidelines manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." United States v. Honken, 184 F.3d 961, 968 n.5 (8th Cir. 1999) (citing Stinson v. United States, 508 U.S. 36, 38 (1993)).

relieves the government of the burden of preparing for trial. <u>See</u> U.S.S.G. § 3E1.1(b)(2). Conduct resulting in an enhancement for obstructing or impeding justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, cmt. n.4.

Baldovinos argues that the sentencing judge erred by not exercising discretion to allow him a reduction for his timely guilty plea despite his subsequent flight to avoid incarceration. We disagree. While the Sentencing Guidelines allow the sentencing judge to grant a reduction for acceptance notwithstanding flight, the Sentencing Guidelines specifically state that such a reduction is appropriate only in "extraordinary circumstances." U.S.S.G. § 3E1.1, cmt. n.4. The sentencing judge appropriately concluded that no such extraordinary circumstances were present in Baldovinos' case. While it appears that Baldovinos accepted responsibility for his criminal conduct by pleading guilty, his subsequent flight indicates that he actually sought to avoid responsibility by avoiding prison. Likewise, the nature of Baldovinos' obstructive conduct was significant: he absconded while on bond, delayed his sentencing, and caused the authorities to locate him and to arrest him. Moreover, this conduct was not an isolated incident early in the investigation, but a sustained, eleven-month flight from justice which was not voluntarily terminated by Baldovinos. Under these facts, it cannot be said that the sentencing judge's refusal to grant a reduction for acceptance of responsibility was clearly erroneous.

The sentence imposed by the district court is affirmed.[5]

_____

_____

[5]The mandate in this case is stayed pending the Supreme Court's resolution of <u>United States v. Booker</u>, 375 F.3d 508 (7th Cir. 2004), <u>cert. granted</u>, ___ U.S. ___, 2004 WL 1713654 (Aug. 2, 2004), and <u>United States v. Fanfan</u>, Docket 03-47-P-H (D. Me. June 28, 2004), <u>cert. granted</u>, ___ U.S. ___, 2004 WL 1713655 (August 2, 2004).