# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1478

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jorge Salazar-Gomez, also known as | * | District of Nebraska. |
| Manuel Salazar-Gomez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 29, 2008
Filed: January 31, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jorge Salazar-Gomez (Salazar-Gomez) appeals the 120-month prison sentence the district court[1] imposed after Salazar-Gomez pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and distributing and possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1). Salazar-Gomez's counsel moved to withdraw and filed a brief under Anders v.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

California, 386 U.S. 738 (1967), arguing (1) the district court erred in sentencing Salazar-Gomez to the statutory mandatory minimum sentence because a co-defendant received a less severe sentence; (2) the requirement of a government motion for substantial assistance to depart below the mandatory minimum violates the separation of powers by giving too much power to the prosecution; and (3) the government's delay in indicting Salazar-Gomez prejudiced his ability to provide substantial assistance.

These arguments are without merit. First, the district court had no discretion, without a government departure motion or Salazar-Gomez's qualification for safety-valve relief, to sentence him below the mandatory minimum sentence. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting an argument that the district court had discretion to determine whether the ultimate sentence is reasonable and to impose a non-Guidelines sentence when a portion of the sentence is the result of a mandatory minimum sentence; "Booker[2] does not relate to statutorily-imposed sentences"); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (stating "the only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve relief") (citing United States v. Auginash, 266 F. 3d 781, 785 (8th Cir. 2001).

Second, requiring a government motion to depart below the mandatory minimum does not violate the separation of powers doctrine. See United States v. Holbdy, 489 F.3d 910, 914 (8th Cir. 2007) (requiring a government motion before the court can deviate from a statutory mandatory minimum sentence for defendant's substantial assistance does not violate the separation of powers doctrine, and Booker does not provide an avenue to reconsider such holding).

---

[2]United States v. Booker, 543 U.S. 220 (2005).

Third, Salazar-Gomez's guilty plea forecloses his challenge to the alleged pre-indictment delay, see United States v. Staples, 435 F.3d 860, 864 (8th Cir.) (holding a valid guilty plea waives nonjurisdictional defects or errors), cert. denied, 127 S. Ct. 148 (2006), and in any event, there has been no showing the delay caused Salazar-Gomez to lose access to any specific testimony or documents that would have aided his defense, see United States v. Hance, 501 F.3d 900, 905-06 (8th Cir. 2007) (discussing pre-indictment delay).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We grant counsel leave to withdraw, and we affirm.

_____