# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1629

_____

Ghidey Kidane,                                          *
                                                        *
                    Petitioner,                         *
                                                        *    Petition for Review of
          v.                                            *    an Order of the Board
                                                        *    of Immigration Appeals.
Michael B. Mukasey, Attorney                            *
General of the United States,                           *    [UNPUBLISHED]
                                                        *
                    Respondent.                         *

_____

Submitted: October 13, 2008
Filed: October 27, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ghidey Kidane, a citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals (BIA) which affirmed an Immigration Judge's (IJ's) denial of her application for adjustment of status, and her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Where, as here, the BIA adopts the IJ's decision and adds its own reasoning, we review both decisions together. See Quomsieh v. Gonzales, 479 F.3d 602, 605 (8th Cir. 2007). After careful review, we deny the petition.

Although the decision to grant adjustment of status is an unreviewable discretionary act by the Attorney General, see 8 U.S.C. § 1252(a)(2)(B), the

nondiscretionary determinations underlying such a decision are subject to our review, see Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 439 (8th Cir. 2008). We agree with the IJ that Kidane did not establish that her failure to maintain continuous lawful status since entering the United States--as is required for adjustment of status--was due to a technical reason, because she did not show that she was physically unable to request an extension of her non-immigrant stay. See 8 U.S.C. § 1255(c)(2) (alien who has failed to maintain continuously lawful status since entry is ineligible for adjustment of status, unless failure was through no fault of her own or for "technical reasons"); 8 C.F.R. § 1245.1(d)(2)(iii) ("technical reasons" include "technical violation caused by the physical inability of the applicant to request an extension of non-immigrant stay from the [INS] either in person or by mail (as, for example, an individual who is hospitalized with an illness at the time non-immigrant stay expires)"). We conclude that Mart v. Beebe, No. 99-1391, 2001 WL 13624 (D. Or. Jan. 5, 2001), on which Kidane relies, is neither binding, see United States v. Auginash, 266 F.3d 781, 784 (8th Cir. 2001); Matter of K-S-, 20 I & N Dec. 715, 718-20 (BIA 1993), nor persuasive because, unlike the petitioners in Mart, Kidane took no action for two years after expiration of her non-immigrant visa to preserve her legal status, see Mart, 2001 WL 13624, at *5-*6.

We lack jurisdiction to review the determination that Kidane's asylum application was barred as untimely filed, see 8 U.S.C. § 1158(a)(3); Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007), and we conclude the denials of withholding of removal and CAT relief are supported by substantial evidence in the record, see Ezeagwu v. Mukasey, 537 F.3d 836, 839 (8th Cir. 2008) (standard of review for withholding-of-removal claim); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006) (standard of review for CAT claim).

Accordingly, we deny the petition.

_____