RILEY, Chief Judge,
concurring.
I concur because United States v. Tyler, 580 F.3d 722, 726 (8th Cir.2009) and our prior precedent rule compel reversal. See Drake v. Scott, 812 F.2d 395, 400 (8th Cir.1987) (“One panel of this Court is not at liberty to disregard a precedent handed down by another panel.”).
In my view, Tyler was wrongly decided because fleeing a peace officer in a motor vehicle, Minn.Stat. § 609.487(3), involves the purposeful, violent, and aggressive conduct discussed in Begay v. United States, 553 U.S. 137, 144-15, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (contrasting crimes involving purposeful, violent, and aggressive conduct from crimes such as drunk driving, which are more comparable to “crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have any criminal intent at all”) and Chambers v. United States, 555 U.S. -, -, 129 S.Ct. 687, 692, 172 L.Ed.2d 484 (2009) (addressing passive crimes such as failing to report or return to law enforcement custody and saying, “While an offender who fails to report must of course be doing something at the relevant time, there is no reason to believe that the something poses a serious potential risk of physical injury.”). Fleeing a peace officer in a motor vehicle shadows the “more aggressive behavior” of escape from custody. See Chambers, 129 S.Ct. at 691 (“The behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody.”). Before Tyler, we implicitly recognized the purposeful, violent, and aggressive nature of fleeing a peace officer in a motor vehicle. See, e.g., United States v. Kendrick, 423 F.3d 803, 809 (8th Cir.2005) (“[Ujnder the stress and urgency which will naturally attend his situation, a person fleeing law enforcement will likely drive recklessly and turn any pursuit into a high-speed chase with the potential for serious harm to police or innocent bystanders.”) (internal marks omitted). That is why nearly every circuit court of appeals to consider similarly worded statutes disagrees with Tyler. See United States v. Dismuke, 593 F.3d 582, 588-92 nn. 3, 7 (7th Cir.2010) (holding Wisconsin’s vehicular-fleeing offense, Wis. Stat. § 346.04(3), qualified as a violent felony after collecting cases from *617 the Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits, and declaring “our conclusion here ... actually parts company with just one circuit, the Eighth, in Tyler, 580 F.3d at 726”). Cf. United States v. Harrison, 558 F.3d 1280, 1290-1301 (11th Cir. 2009) (finding Florida’s willful fleeing statute is not a violent felony based upon the specific facts of the case).
The en banc court may wish to bring our precedent back in line with the Supreme Court and our sister circuits. See, e.g., Owens v. Miller (In re Miller), 276 F.3d 424, 428-29 (8th Cir.2002) (“ ‘As an appellate court, we strive to maintain uniformity in the law among the circuits, wherever reasoned analysis will allow, thus avoiding unnecessary burdens on the Supreme Court docket.’ ” (quoting United States v. Auginash, 266 F.3d 781, 784 (8th Cir. 2001))).