# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3008

_____

United States of America,          *
                                          *

            Appellee,        *
                                          *      Appeal from the United States

     v.                            *      District Court for the
                                          *      Western District of Missouri.

Jose A. Chacon,              *
                                          *

            Appellant.       *

_____

Submitted: February 10, 2003
Filed: June 6, 2003

_____

Before HANSEN,[1] Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Jose A. Chacon pleaded guilty to conspiring to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and aiding and abetting the possession of 500 grams or more of cocaine with intent to distribute, in violation of 18 U.S.C. § 2. Each conviction carried a statutory minimum sentence of sixty months in prison, see

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

21 U.S.C. § 841(b)(1)(B)(ii), and the district court[2] advised Chacon of the statutory minimum at the change-of-plea hearing. At the sentencing hearing, however, everyone overlooked the existence of the statutory minimum. The district court calculated Chacon's Guidelines imprisonment range as fifty-one to sixty-three months and sentenced him to fifty-one months in prison and four years of supervised release.

The next day, the government timely moved under Federal Rule of Criminal Procedure 35(c) to correct Chacon's sentence, reminding the district court of the statutory minimum. At the resentencing hearing, defense counsel concurred in the existence of the statutory minimum, but urged the district court to depart below it pursuant to U.S. Sentencing Guidelines Manual § 5K2.0. Recognizing that § 5K2.0 did not authorize a sentence below the statutory minimum, the district court resentenced Chacon to sixty months in prison and four years of supervised release. Chacon now appeals his sentence.

When the minimum sentence required by statute is greater than the minimum sentence the Guidelines would otherwise require, the statute controls, and the statutory minimum sets the Guidelines minimum. See U.S.S.G. § 5G1.1(c)(2) & comment.; United States v. Wolfe, 215 F.3d 811, 812 (8th Cir. 2000). The district court was correct that it could not use § 5K2.0 to depart below the statutory minimum because "the only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. §§ 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision." See United States v. Auginash, 266 F.3d 781, 785 (8th Cir. 2001) (citation and internal marks omitted). The government did not file a substantial-assistance downward-departure motion under § 3553(e), so that avenue was not open to Chacon. Chacon, who pleaded guilty

---

[2] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

without a plea agreement on the last business day before his trial was scheduled to begin, was also ineligible to be sentenced below the statutory minimum pursuant to the safety-valve provision because he did not divulge to the government "all information and evidence" he had concerning his offenses and relevant conduct, as required by § 3553(f)(5).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3