# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1700
_____

United States of America,                  *
                                           *
            Appellant,                      *
                                           *    Appeal from the United States
      v.                                    *    District Court for the
                                           *    Southern District of Iowa.
Maria Delourdes Andrade-Mora,               *
                                           *    [UNPUBLISHED]
            Appellee.                       *

_____

Submitted:  December 30, 2004
     Filed:  January 18, 2005

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Maria Delourdes Andrade-Mora was found guilty after a jury trial of conspiring to distribute, and possessing with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The government appeals the sentence, which reflected a downward departure under U.S.S.G. § 5K2.12 (coercion and duress). Andrade-Mora argues that the government did not preserve its objection to the departure. We reverse and remand.

Having carefully reviewed the record, we find that the government preserved its objection to a sentence below the mandatory minimum. Reviewing de novo the

district court's decision to depart, <u>see</u> <u>United States v. McCart</u>, 377 F.3d 874, 876-77 (8th Cir. 2004) (standard of review), we find that the court exceeded its authority, because the government did not file a substantial-assistance motion, <u>see</u> 18 U.S.C. § 3553(e), and the court did not find that Andrade-Mora qualified for safety-valve relief, <u>see</u> 18 U.S.C. § 3553(f). <u>Cf.</u> <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003) ("district court was correct that it could not use § 5K2.0 to depart below the statutory minimum because 'the only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. §§ 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision'" (quoted case omitted)). Accordingly, we vacate Andrade-Mora's sentence and remand for resentencing consistent with this opinion.

_____