**UNITED STATES of America, Appellee,**

v.

**Eugene WINTERS, Appellant.**

**No. 05–1952.**

United States Court of Appeals, Eighth Circuit.

Submitted May 5, 2006.

Filed May 11, 2006.

Joel W. Barrows, U.S. Attorney's Office, Rock Island, IL, for Appellee.

Eugene Winters, Oxford, WI, pro se.

Gary K. Koos, Koos Law Firm, Bettendorf, IA, for Appellant.

Before MELLOY, FAGG, and BENTON, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Eugene Winters appeals the 240–month prison sentence the district court [*] imposed after Winters pleaded guilty to a drug-conspiracy charge. On appeal, counsel has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

To the extent the *Anders* brief can be read to challenge the conviction, Winters is prohibited from appealing his conviction because of the appeal waiver contained in his plea agreement. *See United States v. Andis,* 333 F.3d 886, 889–90 (8th Cir.) (en banc) (this court will enforce appeal waiver and dismiss appeal where issue appealed falls within scope of waiver, appeal waiver was knowing and voluntary, and no miscarriage of justice would result), *cert. denied,* 540 U.S. 997, 124 S.Ct. 501, 157 L.Ed.2d 398 (2003); *United States v. Estrada–Bahena,* 201 F.3d 1070, 1071 (8th Cir.2000) (per curiam) (enforcing appeal waiver in *Anders* case).

To the extent the *Anders* brief can be read to challenge the district court's imposition of a statutory mandatory minimum sentence, Winters's argument fails. *See United States v. Chacon,* 330 F.3d 1065, 1066 (8th Cir.2003) (sole authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief); *United States v. Mendoza,* 876 F.2d 639, 641 (8th Cir.1989) (mandatory minimum sentencing does not violate defendant's constitutional rights).

---

[*] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Having reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm the district court's judgment.