# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1952

_____

United States of America,             *

                                          *

             Appellee,         *    Appeal from the United States

                                          *    District Court for the Southern

    v.                      *    District of Iowa.

                                          *

Eugene Winters,             *          [UNPUBLISHED]

                                          *

             Appellant.        *

_____

Submitted:  May 5, 2006
Filed:  May 11, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eugene Winters appeals the 240-month prison sentence the district court[*] imposed after Winters pleaded guilty to a drug-conspiracy charge. On appeal, counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967).

To the extent the <u>Anders</u> brief can be read to challenge the conviction, Winters is prohibited from appealing his conviction because of the appeal waiver contained in his plea agreement. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir.) (en

_____

[*]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

banc) (this court will enforce appeal waiver and dismiss appeal where issue appealed falls within scope of waiver, appeal waiver was knowing and voluntary, and no miscarriage of justice would result), <u>cert. denied</u>, 540 U.S. 997 (2003); <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case).

To the extent the <u>Anders</u> brief can be read to challenge the district court's imposition of a statutory mandatory minimum sentence, Winters's argument fails. <u>See United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003) (sole authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief); <u>United States v. Mendoza</u>, 876 F.2d 639, 641 (8th Cir. 1989) (mandatory minimum sentencing does not violate defendant's constitutional rights).

Having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm the district court's judgment.

_____