# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 05-3464

───────────

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ignacio Carrera-Marino, also known as | * | |
| Judas Lozano, also known as Chivo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

───────────

Submitted: September 27, 2006
Filed: October 4, 2006

───────────

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

───────────

PER CURIAM.

Ignacio Carrera-Marino (Marino) appeals the 120-month prison sentence imposed by the district court[1] after Marino pleaded guilty to conspiring to distribute and possess with the intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. On appeal, counsel has moved to withdraw and has filed a brief under Anders v.

───────────────

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

California, 386 U.S. 738 (1967), stating that Marino believes the sentence is unreasonable.

Marino's offense carried a statutory mandatory minimum sentence of 120 months' imprisonment. See 21 U.S.C. § 841(b)(1)(A). Because Marino had more than one criminal history point, he was ineligible for safety-valve relief from the statutory minimum sentence. See 18 U.S.C. § 3553(f)(1). Thus, Marino's sentence is not unreasonable because the district court had no authority to impose a lower sentence. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes a motion for substantial assistance or defendant qualifies for safety-valve relief).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw.

_____