# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4453

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Basilio Garcia, also known as "Gordo," | * | |
| also known as Ruben Torres-Leon, | * | [UNPUBLISHED] |
| also known as Alberto Garcia Rios, | * | |
| also known as Basilio Garcia-Santana, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 30, 2007
Filed: February 2, 2007

_____

Before SMITH, GRUENDER, AND SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Basilio Garcia appeals the 120-month sentence that the district court[1] imposed after he pleaded guilty to possessing with intent distribute over 50 grams of pure methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Invoking Anders v. California, 386 U.S. 738 (1967), his counsel has moved to withdraw, filing

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

a brief in which he argues that the court erred in determining it lacked the discretion to sentence Garcia below the 10-year statutory mandatory minimum, and that the sentence was cruel and unusual punishment. In a pro se supplemental brief, Garcia contends his counsel was ineffective for failing to seek a lower sentence under 21 U.S.C. § 841(b)(1)(B)(viii) (5-year minimum for offense involving "50 grams or more of a mixture or substance containing a detectible amount of methamphetamine"). The government has moved to dismiss the appeal or for summary disposition.

We conclude that the district court correctly determined that it had no authority to sentence Garcia below the 10-year statutory mandatory minimum. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes substantial-assistance motion or defendant qualifies for safety-valve relief); U.S.S.G. § 5C1.2(a)(1) (defendant cannot have more than 1 criminal history point to be eligible for safety-valve relief).

We further conclude that the Eighth Amendment argument is without merit. See United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime; mandatory minimum penalties for drug offenses do not violate Eighth Amendment); United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (mandatory minimum sentencing does not violate right to be free from cruel and unusual punishment).

Finally, as to Garcia's pro se argument that counsel was ineffective, we find no reason to depart from the usual rule of requiring ineffective-assistance claims to be raised in a 28 U.S.C. § 2255 motion. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent"). In any event, Garcia's argument is without merit because he specifically

admitted possessing with intent to distribute 81 grams of pure methamphetamine, and he pled guilty to possessing with intent to distribute over 50 grams of pure methamphetamine, which was the basis for the court's imposition of the 10-year mandatory minimum. See 21 U.S.C. § 841(b)(1)(A)(viii).

Accordingly, we affirm the judgment, grant counsel's motion to withdraw, and dismiss the government's motion as moot.

_____