# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2425

_____

United States of America,               *

                                      *

        Appellee,           *

                                      *   Appeal from the United States

     v.                       *   District Court for the

                                      *   Northern District of Iowa.

Elpidio Beltran-Avelos,        *

                                      *       [UNPUBLISHED]

        Appellant.        *

_____

Submitted: October 31, 2007
Filed: November 2, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Elpidio Beltran-Avelos (Beltran-Avelos) appeals the concurrent 240-month prison sentences imposed upon him by the district court[1] after he pled guilty to (1) conspiring to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; (2) possessing with intent to distribute 50 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and (3) re-entering the United States without consent after deportation in violation of 8 U.S.C. § 1326(a). Beltran-Avelos's counsel

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the sentence is unreasonable. Beltran-Avelos filed a supplemental brief claiming (1) his plea was not knowing and voluntary because his co-conspirators were not named in the indictment; (2) his plea was not knowing and voluntary because of deficiencies in his counsel's performance; (3) he did not know the drug-quantity calculation could be based in part on statements by his co-conspirator; and (4) 21 U.S.C. § 851 is unconstitutional because the indictment must allege the elements of a prior conviction used to enhance a defendant's sentence.

We conclude Beltran-Avelos's concurrent sentences are not unreasonable because the combined Guidelines range for the three counts was elevated to 240 months imprisonment based on the statutory minimum penalty for the conspiracy count. <u>See</u> <u>United States v. Gregg</u>, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting an argument the district court had discretion to determine whether the ultimate sentence is reasonable and to impose a non-Guidelines sentence when a portion of sentence is the result of mandatory minimum sentence; "<u>Booker</u> does not relate to statutorily-imposed sentences"); <u>see</u> <u>also</u> <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003) (concluding the only authority for the district court to depart from a statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or defendant qualifies for safety-valve relief).

We further conclude Beltran-Avelos's supplemental-brief arguments are unavailing. First, Beltran-Avelos cannot challenge the knowing and voluntary nature of his guilty plea for the first time on appeal. <u>See</u> <u>United States v. Murphy</u>, 899 F.2d 714, 716 (8th Cir. 1990) (declaring a claim that a guilty plea was involuntary must be presented to the district court and is not cognizable on direct appeal). Furthermore, the attack on his plea is based on arguments that are not properly raised here either: his contention that the indictment needed to name his co-conspirators was waived by his guilty plea, <u>see</u> <u>United States v. Staples</u>, 435 F.3d 860, 864 (8th Cir.) (holding a

valid guilty plea waives non-jurisdictional defects or errors), <u>cert. denied</u>, 127 S. Ct. 148 (2006), and his complaints regarding counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255, <u>see</u> <u>United States v. Harris</u>, 310 F.3d 1105, 1111-12 (8th Cir. 2002) (explaining ineffective-assistance-of-counsel claims should generally be raised under § 2255 because normally, such claims cannot be advanced without development of facts outside record).

Second, Beltran-Avelos waived any objection to the drug-quantity calculation because he did not raise the objection at the sentencing hearing, even though the district court gave him multiple opportunities to do so. <u>See</u> <u>United States v. Hester</u>, 140 F.3d 753, 761-62 (8th Cir. 1998) (declining to consider on appeal objections to a presentence report defendant waived by not renewing the objections at the sentencing hearing despite an opportunity to be heard on objections). Moreover, the mandatory minimum sentence of twenty years trumps the Guideline range based on the drug-quantity calculation.

Third, construing Beltran-Avelos's section 851 argument as a contention the indictment did not state an offense, <u>see</u> <u>United States v. Fitzhugh</u>, 78 F.3d 1326, 1330 (8th Cir. 1996) (stating one type of jurisdictional defect not waived by a guilty plea is when the indictment on its face fails to state an offense), Beltran-Avelos's indictment did not need to allege the elements of the prior sentence-enhancing drug conviction, <u>see</u> <u>United States v. Almendarez-Torres</u>, 523 U.S. 224, 226-27, 247 (1998) (ruling a sentence-enhancing prior conviction need not be charged in the indictment).

Finally, after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We grant counsel leave to withdraw, and we affirm.

_____