# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1313

_____

United States of America,         *
            *
       Appellee,         *
            * Appeal from the United States
    v.                * District Court for the
            * District of Nebraska.
Raul Ortega Mijares, also known as   *
Safari, also known as Luis Fernando   * [UNPUBLISHED]
Garcia-Rios,            *
            *
       Appellant.       *

_____

Submitted: February 13, 2008
Filed: February 19, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Raul Ortega Mijares appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to a drug offense. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he moves to withdraw. We affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

For reversal, counsel raises as a possible argument that the district court mishandled this case. Upon careful review of the record, we conclude that this argument has no merit. In particular, we find that the district court's unobjected-to refusal to grant safety-valve relief was not error, plain or otherwise, see United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (describing plain-error review that appellate court uses to correct error not raised at trial), because Mijares admitted that he had refused to provide certain information about his offense that had been requested by the government, see 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) (safety-valve relief requirements). Accordingly, the 10-year statutory minimum imposed by the district court was the lowest sentence the court could legally have imposed. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) ("Booker[2] does not relate to statutorily-imposed sentences"); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the judgment.

_____

_____

[2]United States v. Booker, 543 U.S. 220 (2005).