# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2394

———————

United States of America,         *

                            *

        Appellee,        *

                            *   Appeal from the United States

     v.                     *   District Court for the

                            *   District of Nebraska.

Leonardo Vargas-Gonzalez,      *

also known as Chilango,        *   [UNPUBLISHED]

                            *

        Appellant.      *

———————

Submitted: April 3, 2008
Filed: April 9, 2008

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Acknowledging that his plea subjected him to a statutory minimum prison term of 10 years, Leonardo Vargas-Gonzalez pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine and cocaine. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (viii), 846. The district court[1] calculated an advisory Guidelines imprisonment range of 120-135 months, and sentenced Vargas-Gonzalez to 120 months. On appeal, his counsel seeks permission to withdraw and has filed a

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence is unreasonable in light of Vargas-Gonzalez's Category I criminal history and the lower sentences of some co-conspirators, and that the requirement of a government motion to depart below the mandatory minimum violates the separation-of-powers doctrine.

We conclude that Vargas-Gonzalez's sentence is not unreasonable because the district court did not have discretion to sentence him below 120 months, absent a substantial-assistance motion by the government under 18 U.S.C. § 3553(e) or qualification for relief from the statutory minimum under 18 U.S.C. § 3553(f). <u>See</u> <u>United States v. Gregg</u>, 451 F.3d 930, 937 (8th Cir. 2006); <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003); <u>see also</u> <u>United States v. Harris</u>, 493 F.3d 928, 932 (8th Cir. 2007) (court of appeals accords sentence within advisory Guidelines range presumption of reasonableness), <u>cert. denied</u>, 128 S. Ct. 1263 (2008). We have previously held that the requirement of a government motion to depart below the mandatory minimum does not violate the separation-of-powers doctrine. <u>See</u> <u>United States v. Holbdy</u>, 489 F.3d 910, 914 (8th Cir. 2007).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court. We also grant counsel's request to withdraw, subject to the condition that counsel comply with the requirements of Part V of this court's Plan to Implement the Criminal Justice Act by advising Vargas-Gonzalez of the procedures for filing a petition for writ of certiorari pro se.

_____