# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3385

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Alvaro L. Velasco, | * | District of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: June 26, 2008
Filed: June 27, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Alvaro L. Velasco appeals the 60-month prison sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute and distributing 50 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(2). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). For the following reasons, we affirm.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

First, we conclude that the district court did not plainly err in not applying a safety-valve exception to Velasco's mandatory minimum prison sentence, because-- although Velasco admitted the basic facts of his offense at his plea hearing--he stated that he was not seeking safety-valve relief, did not object to the omission of safety-valve relief, and declined to participate in a safety-valve interview. See United States v. Guerra-Cabrera, 477 F.3d 1021, 1025 (8th Cir. 2007) (defendant must do more than disclose basic facts of crime to merit safety-valve relief); United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (discussing plain-error review); see also 18 U.S.C. § 3553(f) (listing requirements for defendant to qualify for safety-valve relief, including, inter alia, truthfully providing government all information and evidence defendant has concerning offense); U.S.S.G. § 5C1.2(a) (same).

Second, we conclude that Velasco's prison sentence of 5 years, the statutory minimum, cannot be deemed unreasonable because Velasco did not qualify for safety-valve relief, and the government did not move for a departure based on substantial assistance. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (noting that only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government moves for departure based on substantial assistance or defendant qualifies for safety-valve relief); see also United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (noting that United States v. Booker, 543 U.S. 220 (2005), "does not relate to statutorily-imposed sentences").

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the district court's judgment.

_____