# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2157

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Jody Marie Benis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 23, 2009
Filed: July 28, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jody Marie Benis appeals the statutorily mandated 120-month prison sentence that the District Court[1] imposed after she pleaded guilty to conspiracy to distribute more than 500 grams of a mixture or substance containing methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 846. Her counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Benis should have been sentenced below the 120-month mandatory minimum but was not because the District Court erroneously denied safety-valve relief under 18 U.S.C.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

§ 3553(f) and U.S.S.G. § 5C1.2, and that her sentence is otherwise unreasonable.  For the reasons discussed below, we affirm.

The District Court did not clearly err in finding—despite defense counsel's assurances to the contrary—that Benis had not met her burden to "show affirmatively" that she truthfully provided all of the information and evidence that was available to her concerning the conspiracy.  United States v. Alvarado-Rivera, 412 F.3d 942, 947 (8th Cir. 2005) (en banc), cert. denied, 546 U.S. 1121 (2006).  Because Benis was not eligible for safety-valve relief, the District Court had no authority to impose a sentence below the statutory mandatory minimum.  See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003).  And because she was properly sentenced under the statute to the mandatory minimum, the reasonableness of her sentence under the Sentencing Guidelines cannot be challenged.  See United States v. Samuels, 543 F.3d 1013, 1021 (8th Cir. 2008), cert. denied, 129 S. Ct. 1921 (2009).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm the District Court's judgment.  We also grant counsel's motion to withdraw, provided that counsel inform Benis about the procedures for filing pro se petitions for rehearing and for certiorari.

_____