# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1323

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Eric W. Northern, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 7, 2009
Filed: July 30, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Eric Northern appeals the 180-month prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(e). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), seeking to withdraw and questioning (1) whether the district court erred in considering Northern's prior burglary convictions to be violent felonies, and (2) whether the sentence was reasonable.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

We reject these challenges. The prior Missouri convictions for first- and second-degree burglary constituted violent felonies for purposes of section 924(e), see 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" in relevant part as "burglary"); Mo. Rev. Stat. §§ 569.160, 569.170 (defining first- and second-degree burglary as knowing unlawful entry into building for purpose of committing crime therein); Taylor v. United States, 495 U.S. 575, 598, 602 (1990); and Northern has failed to show that his sentence--which was the statutory minimum and was 8 months below the applicable Guidelines range--is unreasonable, see United States v. Wadena, 470 F.3d 735, 737 (8th Cir. 2006); United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (rejecting argument that district court has discretion to determine whether ultimate sentence is reasonable and impose non-Guidelines sentence even when portion of sentence is result of mandatory minimum sentence; "Booker [FN United States v. Booker, 543 U.S. 220 (2005).] does not relate to statutorily-imposed sentences"); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw on the condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____