# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2609

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Gregory Dell Johnson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 27, 2009
Filed:  November 2, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gregory Johnson (Johnson) challenges the sentence the district court[1] imposed after he pled guilty to a drug crime.  His counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he seeks permission to withdraw, arguing that the district court erred in determining the amount of drugs attributable to Johnson which resulted in a 120-month statutory minimum.  Johnson filed a pro se supplemental brief reiterating this argument.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

We enforce the appeal waiver in this case.  See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (deciding our court will enforce an appeal waiver in a plea agreement when the appeal falls within the scope of the waiver, both waiver and plea agreement were entered into knowingly and voluntarily, and enforcing the waiver would not result in a miscarriage of justice).  This appeal falls within the scope of the waiver contained in Johnson's plea agreement, the record shows the requisite knowledge and voluntariness, and we discover nothing to suggest a miscarriage of justice would result from enforcing the appeal waiver.  See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (holding the only authority for a district court to depart from a statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or the defendant qualifies for safety-valve relief).

We grant counsel's motion to withdraw, and we dismiss the appeal.

_____