# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2572

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Gregory A. Esquivel, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 26, 2009
Filed:  December 11, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Gregory Esquivel challenges the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 846 (Count 1); and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A) (Count 26). The district court sentenced Esquivel to a below-Guidelines-range prison term of 120 months on Count 1 and a consecutive prison term of 60 months on Count 26. On appeal, his counsel has moved to withdraw

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in sentencing Esquivel. Esquivel has filed a pro se supplemental brief challenging the district court's denial of his motion to suppress.

We reject these challenges. By pleading guilty unconditionally, Esquivel waived his right to appeal the denial of his motion to suppress. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005) (by pleading guilty, defendant waived all nonjurisdictional defenses and effectively waived right to appeal denial of suppression motion). We also conclude that the district court did not err in sentencing Esquivel, because he was sentenced on the drug conspiracy offense to the statutory minimum, see 21 U.S.C. § 841(a); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart below statutory minimum sentence is in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or when defendant qualifies under safety-valve provision), and because his firearm offense carried a mandatory consecutive 60-month prison term, see 18 U.S.C. § 924(c)(1)(A).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Esquivel about procedures for seeking rehearing or filing a petition for certiorari.

_____