# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1011

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Anthony Walter Chandler, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  May 7, 2010
Filed:  May 12, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony Chandler appeals the judgment of the district court[1] entered after he pled guilty to possession of a machine gun in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii), and was sentenced by the district court to 30 years in prison and 5 years of supervised release.  His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the district court erred in imposing the 30-year term of imprisonment.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Upon careful review, we conclude that the district court did not err in sentencing Chandler to 30 years in prison, as the court did not have the authority to sentence him below the statutory minimum. The government had not filed a motion for a sentence reduction based on substantial assistance, and Chandler did not qualify for safety-valve relief. See 18 U.S.C. § 924(c)(1)(B)(ii) (if firearm possessed by person convicted of violation of this subsection is machine gun, that person "shall be sentenced to a term of imprisonment of not less than 30 years"); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for district court to depart below statutorily mandated minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government files motion based on substantial assistance or when defendant qualifies for safety-valve relief); see also 18 U.S.C. § 3553(e) (upon motion of government, court shall have authority to impose sentence below statutory minimum so as to reflect defendant's substantial assistance), (f) (setting forth requirements for safety-valve relief, including, inter alia, that defendant did not possess firearm or other dangerous weapon in connection with offense).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no non-frivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____