# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3069

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Juan Lara, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 22, 2010
Filed: June 30, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Juan Lara appeals from the judgment of conviction entered following a jury trial on drug charges and from the life sentence imposed by the District Court.[1]  His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court failed to conduct adequate voir dire, that the evidence was insufficient to convict Lara, and that the court abused its discretion in imposing a sentence of life in prison.  In a pro se supplemental brief, Lara argues that the government's notice under 21 U.S.C. § 851 (proceedings to

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

establish prior convictions) was deficient and that the prior felony drug convictions used to enhance his sentence were not verified by the District Court.

We reject these arguments in turn. During voir dire, the court posed questions prepared by defense counsel touching upon racial attitudes and possible prejudices of venirepersons, and the venirepersons did not give any answers suggesting that they harbored any such attitudes or prejudices. See United States v. Nelson, 347 F.3d 701, 706–07 (8th Cir. 2003), cert. denied, 543 U.S. 978 (2004). The testimony regarding Lara's role as a translator in a methamphetamine conspiracy, the seizure of twenty-five pounds of methamphetamine following a traffic stop, and Lara's post-arrest statements about his involvement in the conspiracy provided sufficient evidence to convict Lara of conspiring to distribute more than fifty grams of methamphetamine. See United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009), cert. denied, 130 S. Ct. 1308 (2010). The District Court correctly noted that it lacked discretion to impose anything but the statutory mandatory minimum of life in prison, given Lara's two prior felony drug convictions and the lack of a government motion for substantial assistance or a showing of safety-valve eligibility. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). And finally, the record shows that the government properly filed the § 851 notice and presented unrebutted evidence at sentencing of Lara's two prior felony drug convictions.

Further, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the District Court.

_____