# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3732

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Earl Aniceto Ochoa, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

———————

Submitted: July 23, 2010
Filed: August 2, 2010

———————

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Earl Ochoa challenges the statutory mandatory minimum sentence the district court[1] imposed following his guilty plea to knowingly and intentionally conspiring to distribute 50 grams or more of "actual" methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Counsel has moved to withdraw, and has filed a brief under Anders v. California, 386

---

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

U.S. 738 (1967), arguing that Ochoa's sentence is unreasonable and greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

We conclude that the district court lacked authority to impose a sentence below the statutory minimum because the government had not moved for a departure based on substantial assistance and Ochoa was not eligible for safety-valve relief. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority to depart from statutory minimum is in 18 U.S.C. § 3553(e) and (f), which apply only when government moves for departure based on substantial assistance or defendant qualifies for safety-valve relief); see also United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006), confirming that United States v. Booker, 543 U.S. 220 (2005), does not relate to statutorily-imposed sentences.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw conditioned on counsel informing Ochoa about the procedures for seeking rehearing from this court and filing a petition for a writ of certiorari from the Supreme Court of the United States.

_____