# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1125

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Adam James Rollins, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: August 6, 2010
Filed: August 6, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Adam Rollins challenges the 10-year statutory minimum prison term the district court[1] imposed upon his guilty plea to knowingly and intentionally conspiring to manufacture 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), having previously been convicted of a felony drug offense. Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the sentence is unreasonable and violates the Eighth Amendment.

_____

[1]The HONORABLE LINDA R. READE, Chief Judge, United States District Court for the Northern District of Iowa.

We note that the district court did not have authority to sentence Rollins below the statutory minimum of ten years in prison because the government had not moved for a departure based on substantial assistance and Rollins was not eligible for safety-valve relief due to his criminal history. See 21 U.S.C. § 841(b)(1)(B) (mandatory minimum term of imprisonment of 10 years for listed offenses if person has prior conviction for felony drug offense); 18 U.S.C. § 3553(e) (upon government's motion, court can impose sentence below statutory minimum sentence to reflect defendant's substantial assistance), (f) (court shall impose sentence pursuant to Guidelines, without regard to statutory minimum sentence, if court finds, inter alia, that defendant does not have more than one criminal history point); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority to depart from statutory minimum is found in § 3553(e) and (f)); see also United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (United States v. Booker, 543 U.S. 220 (2005), does not relate to statutorily-imposed sentences). We also reject Rollins's Eighth Amendment argument. See United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008) ("We have repeatedly held mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments.").

Upon our independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue. Thus, we affirm.

_____