# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1634

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Humberto Gonzalez Martinez, also | * | |
| known as Alberto Gutierrez Galvan, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 5, 2010
Filed: August 12, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Humberto Martinez directly appeals after the district court[1] sentenced him to ten years in prison upon his guilty plea to knowingly and intentionally conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence.

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

We note that the district court did not have authority to sentence Martinez below the statutory minimum of ten years in prison because the government had not moved for a departure based on substantial assistance and Martinez was not eligible for safety-valve relief.  See  21 U.S.C. § 841(b)(1)(A) (mandatory minimum term of imprisonment of ten years for listed offenses); 18 U.S.C. § 3553(e) (upon government's motion, court can impose sentence below statutory minimum sentence to reflect defendant's substantial assistance), (f) (court shall impose sentence pursuant to Guidelines, without regard to statutory minimum sentence, if court finds, inter alia, that defendant does not have more than one criminal history point and prior to sentencing hearing defendant truthfully provided to government all information and evidence defendant has concerning offenses that were part of same course of conduct); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority to depart from statutory minimum is found in 18 U.S.C. § 3553(e) and (f)); see also United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (United States v. Booker, 543 U.S. 220 (2005), does not relate to statutorily-imposed sentences).

Upon our independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue.  Thus, we grant counsel's motion to withdraw and we affirm the judgment.

_____