# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2078

———————

United States of America,

      Appellee,

    v.

Jose Del Carmen Hernandez Moreno,

      Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.

\*   [UNPUBLISHED]

———————

Submitted: September 1, 2010
Filed: September 7, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Jose Moreno appeals the 60-month prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine mixture. See 21 U.S.C. § 841(a)(1), (b)(1)(B) (5-year mandatory minimum prison term), 846. His counsel on appeal has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court should have considered a mitigating-role adjustment under U.S.S.G. § 3B1.2. Moreno has

———————

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

filed a pro se supplemental brief challenging the Guidelines calculations and trial counsel's effectiveness.

The Guidelines arguments are unavailing because the prison sentence imposed was the statutory minimum for the offense, the government had not moved for a lower sentence based on substantial assistance, and Moreno's possession of a firearm in connection with the offense made him ineligible for safety-valve relief. See 18 U.S.C. § 3553(e) (upon government's motion, court can impose sentence below statutory minimum sentence to reflect defendant's substantial assistance), (f) (court shall impose sentence pursuant to Guidelines, without regard to statutory minimum sentence, if court finds, inter alia, that defendant did not possess a firearm or other dangerous weapon in connection with the offense); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority to sentence below statutory minimum is found in § 3553(e) and (f)).  We decline to consider Moreno's ineffective-assistance claim on direct appeal.  See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue.  Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____