# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1841

_____

United States of America,

      Appellee,

v.

Jerome E. Thomas,

      Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: October 21, 2010
Filed: November 8, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Jerome Thomas challenges the 240-month statutory minimum sentence the District Court[1] imposed following Thomas's unconditional guilty plea to one count of conspiring to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) and (b)(1)(A). Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he moves to withdraw and

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

argues that Thomas's prior felony drug conviction was too remote in time to justify the application of the 20-year statutory mandatory minimum.

We hold that the District Court did not have discretion to sentence Thomas below the statutory minimum because the government did not move for a departure based on substantial assistance and Thomas was not eligible for safety-valve relief. See 21 U.S.C. § 841(b)(1)(A) (stating that if a person commits a qualifying violation after a prior conviction for a felony drug offense, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (holding that the only authority to depart from the statutory minimum is in 18 U.S.C. § 3553(e) and (f), which apply only when the government moves for a departure based on substantial assistance or the defendant qualifies for safety-valve relief); see also U.S.S.G. § 4A1.2(e)(1) (noting that in applying Guidelines, a court is to count any prior sentence exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated within 15 years of the instant offense).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____