# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2592

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Maurice Walls, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 18, 2011
Filed: January 31, 2011

_____

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Maurice Walls appeals the prison sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court determined he was an armed career criminal, see 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4, and imposed the statutory minimum prison term of 180 months. In a brief under Anders v. California, 386 U.S. 738 (1967), counsel asks to withdraw and argues that 3 criminal history points should not have been

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

assessed for prior convictions for which there was no evidence that Walls had been represented by counsel or had waived counsel.

We find this argument unavailing because subtracting 3 criminal history points from Walls's total of 18 would not have affected his sentence. See U.S.S.G. Ch. 5 Pt. A (table) (Category VI criminal history for 13 or more criminal history points). Further, having properly determined that Walls was an armed career criminal, the district court had no discretion to sentence him below the statutory minimum. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority to depart from statutory minimum is in 18 U.S.C. § 3553(e) and (f), which apply only when government moves for departure based on substantial assistance or defendant qualifies for safety-valve relief).

After reviewing the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we allow counsel to withdraw, and we affirm.

_____