# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3861

_____

United States of America

*Plaintiff - Appellee*

v.

Pedro Delatorre

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: April 23, 2013
Filed: May 7, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pedro Delatorre appeals the sentence imposed by the district court[1] after he pleaded guilty to possession with intent to distribute methamphetamine after having

_____

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

been convicted of a felony drug offense in violation of 21 U.S.C. §§ 841(b)(1)(B) and 851; and to possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Counsel seeks leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the 180-month sentence is unreasonable because it is longer than necessary to meet the statutory goals of sentencing and the district court failed to make an individualized assessment of the 18 U.S.C. § 3553(a) sentencing factors.

Delatorre's guilty plea made him subject to statutory minimum sentences of 120 months in prison on the drug count and a consecutive 60 months in prison on the firearm count. See 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A) and (c)(1)(D)(ii). The court in imposing these minimum consecutive sentences had no authority to impose a sentence below the statutory minimum on either count. United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). Therefore, counsel's argument fails. See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (United States v. Booker, 543 U.S. 220 (2005), does not relate to "statutorily-imposed sentences"). Upon careful review of the record, we find no nonfrivolous issues for appeal, see Penson v. Ohio, 488 U.S. 75 (1988). Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

_____