# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2801

_____

United States of America

*Plaintiff - Appellee*

v.

Adrian Lamar Weems

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 4, 2017
Filed: April 19, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Adrian Weems pleaded guilty to a drug charge under a written plea agreement containing a partial appeal waiver that applied to his conviction but not to his

sentence. The District Court[1] sentenced Weems to the statutory minimum, below the calculated U.S. Sentencing Guidelines range, and imposed special conditions of supervised release. In this appeal, Weems's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the factual basis for the guilty plea, the reasonableness of the prison term, and special conditions of supervised release. Weems has submitted a pro se filing claiming that his guilty plea was involuntary, challenging aspects of the Guidelines calculations, and claiming ineffective assistance of counsel. He has also filed three motions for new appointed counsel.

To begin, we decline to consider Weems's ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) (noting that ineffective-assistance claims are usually best litigated in collateral proceedings where the record can be properly developed). We further conclude that Weems's involuntary-plea claim is not cognizable on direct appeal because he did not move in the District Court to withdraw his guilty plea. See United States v. Foy, 617 F.3d 1029, 1033–34 (8th Cir. 2010) (noting that to the extent a defendant presents an argument to establish that his plea was unknowing or involuntary, "such a claim would not be cognizable on direct appeal where he failed to present it to the district court in the first instance by a motion to withdraw his guilty plea" (citation to quoted case omitted)), cert. denied, 562 U.S. 1236 (2011).

As for counsel's argument that the factual basis for the guilty plea was not sufficient, we conclude, based in part on Weems's own statements at his change-of-plea hearing, that the partial appeal waiver is enforceable and applicable. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver); United States v. Andis, 333 F.3d 886, 890–92 (8th

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Cir.) (en banc) (discussing enforcement of appeal waivers), cert. denied, 540 U.S. 997 (2003); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (noting that a "defendant's representations during the plea-taking carry a strong presumption of verity" (citation to quoted case omitted)).

With respect to the challenges to Weems's sentence, we conclude that the District Court did not commit any significant procedural errors, impose a substantively unreasonable sentence, or abuse its discretion in imposing the special conditions of supervised release. See United States v. David, 682 F.3d 1074, 1076–77 (8th Cir. 2012) (discussing appellate review of sentencing decisions); United States v. Simons, 614 F.3d 475, 478-79 (8th Cir. 2010) (noting that special conditions of supervised release that were objected to at sentencing are reviewed for an abuse of discretion). We also note that any possible errors in the Guidelines calculations would have been harmless because the District Court sentenced Weems to the statutory minimum. Cf. United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (discussing the court's limited authority to impose a sentence below the statutory minimum).

Finally, we have independently reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues for appeal outside the scope of the appeal waiver. We affirm the judgment, grant counsel's motion to withdraw, and deny Weems's pending motions.

_____