# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-3050

———————————————

United States of America

*Plaintiff - Appellee*

v.

Steven Ramirez, also known as Steven Ramiriz

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Joplin

——————————

Submitted: March 27, 2019
Filed: April 23, 2019
[Unpublished]

——————————

Before BENTON, BOWMAN, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Steven Ramirez appeals after he pleaded guilty to a drug charge and the District Court[1] sentenced him to the statutorily mandated minimum prison term based in part

———————————————

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

on a 21 U.S.C. § 851 information filed by the government. Ramirez's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in sentencing Ramirez because the § 851 information referenced a prior conviction that was more than fifteen years old. Counsel also requests leave to withdraw.

Although Ramirez's plea agreement includes an appeal waiver, we decline to enforce the waiver because the District Court at Ramirez's change-of-plea hearing did not adequately explain the terms of the waiver and ensure that Ramirez understood them. See United States v. Boneshirt, 662 F.3d 509, 515–16 (8th Cir. 2011), cert. denied, 565 U.S. 1227 (2012).

Considering the merits of the Anders argument, we conclude that the District Court did not err in sentencing Ramirez. There was nothing improper about the government's filing of the § 851 information, and Ramirez's prior conviction required the court to impose a prison term of at least ten years. See 21 U.S.C. § 841(b)(1)(B) (setting forth penalties); id. § 851 (setting forth procedures to establish prior convictions that may subject a defendant to increased punishment); United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (discussing the limited circumstances in which a district court may impose a sentence below the statutory minimum); see also United States v. LaBonte, 520 U.S. 751, 761–62 (1997) (explaining that a prosecutor's discretion in seeking an enhanced sentence based on a § 851 notice is similar to the discretion exercised in deciding what charges to bring and "is appropriate so long as it is not based upon improper factors").

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have identified no non-frivolous issues for appeal. We grant counsel leave to withdraw, and we affirm.

_____